UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN DUFFY, KENNETH HUBER,
PHILLIP CAPOBIANCO, SCOTT ADRIAN,
JOHN O'HARE, MARC HERBST, JAMES
HANEY III, and JAMES PRATT, III, as Trustees
of Local 138, 138A & 138B, INTERNATIONAL
UNION OF OPERATING ENGINEERS WELFARE
FUND, LEGAL FUND, APPRENTICESHIP
TRAINING FUND, and ANNUITY FUND, and
MICHAEL FANNING as CEO of the CENTRAL
PENSION FUND, and WILLIAM K. DUFFY, JR.
as President of LOCAL 138, 138A & 138B,
INTERNATIONAL UNION OF OPERATING
ENGINEERS,

       Plaintiffs,       **ORDER**

 -against-            12 CV 2919 (DRH) (AKT)

POMARC INDUSTRIES, INC., POMARC
ASSOCIATES, INC. and LAWRENCE
DELMONACO,

       Defendant.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

 Plaintiffs International Union of Operating Engineers Welfare Fund, Legal Fund, Apprenticeship Training Fund, and Annuity Fund (collectively, "the Funds"), and John Duffy, Kenneth Huber, Phillip Capobianco, Scott Adrian, John O'Hare, Marc Herbst, James Haney III, James Pratt III, and Michael Fanning in their capacities as fiduciaries of the Funds, and William K. Duffy, Jr. in his capacity as President of Local 138, 138A, & 138B, International Union of Operating Engineers ("the Union") commenced this action against defendants Pomarc Industries, Inc. ("Pomarc Industries"), Pomarc Associates, Inc. ("Pomarc Associates"), and Lawrence Delmonaco (collectively, "defendants") seeking delinquent contributions and attendant damages pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1145 and 1132.

After the defendants' default was noted by the Clerk of Court pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), plaintiffs moved for entry of a default judgment under Rule 55(b). On November 5, 2012, this motion was referred to United States Magistrate Judge A. Kathleen Tomlinson to issue a Report and Recommendation as to whether plaintiffs have demonstrated that the allegations in the Complaint establish the defendants' liability such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded.

On August 20, 2013, Judge Tomlinson issued a Report and Recommendation which recommended that a default judgment be entered against the defendants and that the following damages be awarded: (1) $57,687.04 for unpaid fringe benefits; (2) $5,624.86 for interest on the unpaid fringe benefits; (3) additional interest in the amount of $5.13 per day from October 16, 2012 to the date of the entry of judgment to account for interest accrued during the pendency of the action; (4) a second interest payment in the amount of $5,624.86 in lieu of liquidated damages; (5) $6,049.09 in attorneys' fees and court costs; and (6) $9,570 in audit fees. Judge Tomlinson also denied plaintiffs' request that defendants post a bond to guarantee the payments owed as well as plaintiffs' request to enjoin defendants' from further ERISA violations. More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the August 20, 2013 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Therefore, the Court adopts the Report and

Recommendation of Judge Tomlinson as is set forth herein. Accordingly, the Court hereby directs that default judgment be entered in favor of plaintiffs and against defendants for the following damages:

(1) $57.687.04 for unpaid fringe benefits;

(2) $5,624.86 for interest on the unpaid fringe benefits;

(3) additional interest in the amount of $5.13 per day from October 16, 2012 to the date of

the entry of judgment;

(4) $5,624.86 in double interest in lieu of liquidated damages;

(5) $6,049.09 in attorneys' fees and court costs; and

(6) $9,570 in audit fees.

Upon entry of judgment, the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 9, 2013

/s/
Denis R. Hurley
Unites States District Judge